UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CHANTISE HOGUE,

                                              Plaintiff,

             -against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, A/K/A
THE NEW YORK CITY DEPARTMENT OF
EDUCATION, and DAVID FANNING, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY AS
PRINCIPAL OF THE A.P. RANDOLPH HIGH
SCHOOL,

                                              Defendants.
------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT**

20 Civ. 36 (GBD) (SLC)

        Defendants Board of Education of the City School District of the City of New York (also known and sued herein as "The New York City Department of Education") ("BOE") and David Fanning ("Fanning") by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint ("Complaint") respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.[1]

        3.    Deny knowledge or information sufficient to form a belief of the truth of the allegations set forth in paragraph "3" of the Complaint.

---

[1] In a decision and order dated December 2, 2019, the Supreme Court, County of New York dismissed Plaintiff's "First" Cause of Action, except "as it relates to the failure to renew her deanship and to hostile work environment." Thus, the only remaining claims in this action are race discrimination relating to Defendants' failure to renew Plaintiff's deanship, hostile work environment, and retaliation under 42 U.S.C. § 1983, the New York State Human Rights Law ("SHRL"), New York Executive Law §§ 290, *et seq.*, and the New York City Human Rights Law ("CHRL"), New York City Administrative Code §§ 8-101, *et seq*.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that from the 2011-2012 school year until present, Plaintiff has been employed by the BOE and assigned to the A.P. Randolph High School, which is located in the County of New York.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff is employed by the BOE as a classroom teacher and respectfully refer the Court to the referenced provisions of law for a complete and accurate statement of their contents.

6. Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to Article 52-A of the New York Education Law for a description of the legal status of the BOE under New York law.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the BOE has offices located at 52 Chambers Street, New York, NY 10007.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff is currently employed by the BOE as a classroom teacher and respectfully refer the Court to the referenced provisions of law for a complete and accurate statement of their contents.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Defendant Fanning is a resident of the State of New York, and is currently employed by the BOE as the Principal of A.P. Randolph High School, located at 443 West 135th Street, New York, New York 10031.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Defendant Fanning is currently employed by the BOE as the Principal of A.P. Randolph High School.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that A.P. Randolph High School is high school operated by the BOE.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that the above-captioned action is a civil action of which the District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff purports to state the basis for venue in this Court as set forth therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff filed a Notice of Claim on October 3, 2017, and that Plaintiff's assigned claim number is 2017PI027793.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff testified at a hearing pursuant to General Municipal Law § 50(h) on March 16, 2018.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff commenced her employment with the BOE on or about September 6, 2005, and began teaching at A.P. Randolph High School during the 2011-2012 school year.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Henry Rubio was the Principal of A.P. Randolph High School at the beginning of the 2011-2012 school year.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that, on or about December 6, 2011, Defendant Fanning became Principal of A.P. Randolph High School, and that the prior Principal of A.P. Randolph High School was Henry Rubio.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Defendant Fanning racially identifies as White/Caucasian.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiff was assigned to perform duties as Dean of the SAVE Room at the start of the 2013-2014 school year.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that, during the 2013-2014 school year, Rhonda Pekow was the Assistant Principal for Security and Math at A.P. Randolph High School, and that Plaintiff, as a classroom teacher and dean, was supervised by one or more of the school's Assistant Principals.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Plaintiff's job responsibilities as the SAVE room dean included, but were not limited to, enforcing Citywide standards of discipline and conduct, and supervising students in the SAVE room.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's conversations with Pekow regarding requests for supplies.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff was permitted to temporarily use the office of another dean during his absence from the school.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations in paragraph "46" of the Complaint, except admit that the SAVE room was a site at A.P. Randolph High School, designated pursuant to the Schools Against Violence in Education Act ("SAVE") and Chancellor's Regulation A-443, as an

alternative education room for students temporarily removed from their regular academic programs for disciplinary or safety reasons.

   47. Deny knowledge or information sufficient to form a belief of the truth of the allegations set forth in paragraph "47" of the Complaint.

   48. Deny the allegations set forth in paragraph "48" of the Complaint.

   49. Deny the allegations set forth in paragraph 49" of the Complaint.

   50. Deny the allegations set forth in paragraph 50" of the Complaint.

   51. Deny the allegations set forth in paragraph "51" of the Complaint.

   52. Deny the allegations set forth in paragraph "52" of the Complaint.

   53. Deny the allegations set forth in paragraph "53" of the Complaint.

   54. Deny the allegations set forth in paragraph "54" of the Complaint.

   55. Deny knowledge or information sufficient to form a belief of the truth of the allegations set forth in paragraph "55" of the Complaint.

   56. Deny knowledge or information sufficient to form a belief of the truth of the allegations set forth in paragraph "56" of the Complaint.

   57. Deny the allegations set forth in paragraph "57" of the Complaint.

   58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Plaintiff received her schedule for the 2017-2018 school year prior to the beginning of the 2017-2018 school year.

   59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Defendants initially planned to continue to assign Plaintiff as dean of the SAVE room for the 2017-2018 school year.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of allegations about Plaintiff's hearing of rumors.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that Defendants did not attempt to contact Plaintiff about changes to her assignment for the 2017-2018 school year prior to August 2017.

62. Deny the allegations set forth in paragraph "62' of the Complaint, except admit that Defendants attempted to contact Plaintiff in August 2017, when they determined that Plaintiff's deanship assignment would not be renewed because of the school's need for Plaintiff as a classroom teacher.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except admit that Plaintiff's per session assignment as a dean expired at the end of the 2016-2017 school year, and that Plaintiff resumed a full-time classroom teaching schedule at the beginning of the 2017-2018 school year.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except admit that the individuals serving as deans during the 2016-2017 school year, except for Plaintiff, continued to serve as deans during the 2017-2018 school year.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that the individuals listed therein filed lawsuits alleging discrimination and/or retaliation.

70. Defendants repeat and re-allege their responses to paragraphs 1-69 as if set forth herein.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Defendants repeat and re-allege their responses to paragraphs 1-79 as if set forth herein.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Paragraph "90" of the Complaint sets forth plaintiff's demand for a jury trial for which no response is required. To the extent a response is required, deny the allegations set forth in paragraph "90" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

### AS AND FOR A FIRST DEFENSE

91. The Complaint fails to state a claim upon which relief may be granted in whole or in part.

### AS AND FOR A SECOND DEFENSE

92. Defendants had legitimate nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

### AS AND FOR A THIRD DEFENSE

93. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A FOURTH DEFENSE

94. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

95. Defendants exercised reasonable care to prevent and correct promptly any of the conduct about which Plaintiff complains, and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the BOE or to avoid harm otherwise.

## AS AND FOR A SIXTH DEFENSE

96. Upon information and belief, Plaintiff has failed to mitigate her damages, if any.

## AND AS FOR A SEVENTH DEFENSE

97. Plaintiff has failed to comply with applicable notice of claim requirements.

## AND AS FOR AN EIGHTH DEFENSE

98. Defendant BOE established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees and had a record of no, or relatively few, prior incidents of discriminatory conduct by supervisory employees at Plaintiff's school.

## AND AS FOR A NINTH DEFENSE

The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with such other and further relief as the Court deems appropriate.

Dated:      New York, New York
            February 21, 2020

                                      JAMES E. JOHNSON
                                      Corporation Counsel
                                        of the City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 2-125
                                      New York, New York 10007
                                      (212) 356-1105
                                      jshaffer@law.nyc.gov

                       By:  _____
                              J. Kevin Shaffer
                              Assistant Corporation Counsel

TO:    Nesenoff & Miltenberg, LLP (via ECF)
       *Attorneys for Plaintiff*
       363 Seventh Avenue, Fifth Floor
       New York, New York 10001
       (212) 736-4500
       gvinci@nmllplaw.com
       amiltenberg@nmllplaw.com

Docket No. 20 Civ. 36 (GBD) (SLC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CHANTISE HOGUE,<br><br>                                                                          Plaintiff,<br><br>-against-<br><br>BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, A/K/A THE NEW YORK CITY DEPARTMENT OF EDUCATION, and DAVID FANNING, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS PRINCIPAL OF THE A.P. RANDOLPH HIGH SCHOOL,<br><br>                                                                     Defendants. |
| **ANSWER TO AMENDED COMPLAINT** |
| *JAMES E. JOHNSON*<br>*Corporation Counsel of the City of New York*<br>  *Attorney for Defendants*<br>  *100 Church Street, Room 2-125*<br>  *New York, New York  10007-2601*<br><br>  *Of  Counsel:  J. Kevin Shaffer*<br>  *Tel.:  212-356-1105*<br>  *Matter No.:  2019-006602* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .................................................., 2020*<br><br>*..............................................................................Esq.*<br><br>*Attorney for...................   .............................................* |